UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS,
STEVEN DANIELS, RAYSHAWN LAWRENCE, and
BENJAMIN NELSON,

                        Plaintiffs,

    -against-

CITY OF NEW YORK, RAYMOND WITTICK, GEORGE BOAN,
JAMES BRISCOE, KEITH GREEN, CORNELIUS BUCKLEY,
VINCENT ORSINI, DENNIS MOONEY, SALVATORE BELLOMO,
MICHAEL LOPRESTI, JOHN MCNAMEE, ANDREW KINSELLA,
STACEY MEIGS, JELSON GOYCO, STEVEN SPOSITO, and
JAMES MALPESO (individually and in their official capacities),

                        Defendants,

------------------------------------------------------------------------X

**AMENDED COMPLAINT**

10 CV 231
(KAM)(RER)

<u>Jury Trial Demanded</u>

      Plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, RAYSHAWN LAWRENCE, BENJAMIN NELSON, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

    1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.  Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.  Plaintiff SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, RAYSHAWN LAWRENCE, and BENJAMIN NELSON are all African American citizens of the United States who reside in Staten Island, New York.

7.  Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.  That at all times hereinafter mentioned, the individually named defendants, RAYMOND WITTICK, GEORGE BOAN, JAMES BRISCOE, KEITH GREEN, CORNELIUS BUCKLEY, VINCENT ORSINI, DENNIS MOONEY, SALVATORE BELLOMO, MICHAEL LOPRESTI, JOHN MCNAMEE, ANDREW KINSELLA, STACEY MEIGS, JELSON GOYCO, STEVEN SPOSITO, and JAMES MALPESO were duly sworn police officers of said department and were acting under the supervision of said department and according to their

2

official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On January 23, 2007, at approximately 2:00 p.m., plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, and RAYSHAWN LAWRENCE, were lawful pedestrians in front of 242 Benziger Avenue, Staten Island, New York.

13. At the aforesaid time and place, the defendants grabbed plaintiff SHAWN PATTERSON, threw plaintiff him over a gate, slammed him to the ground, and placed over tight handcuffs on his wrists. Thereafter, the defendants imprisoned plaintiff PATTERSON in the NYPD's 120th precinct, and in Richmond County Criminal Court until January 24, 2007 when plaintiff PATTERSON was arraigned on baseless charges filed against him based on the false allegations of defendants BOAN and/or WITTICK, and due to the failure of the defendants to intervene to stop the wrongful prosecution of the plaintiffs. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the

3

legal process, to wit: to cover up the above mentioned excessive force and abuse of authority. As a result of the false allegations of defendants BOAN and/or WITTICK, as well as the failure of the defendants to intervene, Judge Alan Meyer, Criminal Court, Richmond County, set bail and plaintiff PATTERSON was incarcerated on Riker's Island until January 25, 2007.

14. At the aforesaid time and place, the defendants grabbed plaintiff SUNDRA FRANKS, slammed him to the ground, placed over tight handcuffs on his wrists, and kicked/stepped on his back. Thereafter, the defendants escorted plaintiff SUNDRA FRANKS into the basement apartment of 242 Benziger Avenue and strip searched him therein. The defendants forced plaintiff SUNDRA FRANKS to pull down his pants and underwear, squat and cough. Thereafter, the defendants transported plaintiff SUNDRA FRANKS to the NYPD's 120th precinct. The defendants imprisoned plaintiff in the 120th precinct, and in Richmond County Criminal Court until January 24, 2007 when plaintiff SUNDRA FRANKS was arraigned on baseless charges filed against him based on the false allegations of defendants BOAN and/or WITTICK. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority. As a result of the false allegations of defendant BOAN and/or WITTICK, as well as the failure of the defendants to intervene, Judge Alan Meyer, Criminal Court, Richmond County, set bail and plaintiff SUNDRA FRANKS was incarcerated on Riker's Island until January 29, 2007.

15. At the aforesaid time and place, the defendants placed over tight handcuffs on plaintiff DEREK FRANKS' wrists, and transported him to the 120th precinct. The defendants

4

imprisoned plaintiff DEREK FRANKS in the 120th precinct, and in Richmond County Criminal Court until January 24, 2007 when plaintiff was arraigned on baseless charges filed against him based on the false allegations of defendants BOAN and/or WITTICK, and due to the failure of the defendants to intervene. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority. As a result of the false allegations of defendants BOAN and/or WITTICK, as well as the failure of the defendants to intervene, Judge Alan Meyer, Criminal Court, Richmond County, set bail and plaintiff DEREK FRANKS was incarcerated on Riker's Island until approximately January 25, 2007.

16. At the aforesaid time and place, the defendants placed over tight handcuffs on plaintiff STEVEN DANIELS' wrists. Thereafter, the defendants escorted plaintiff DANIELS into the basement apartment of 242 Benziger Avenue and strip searched him therein. The defendants forced plaintiff DANIELS to pull down his pants and underwear, squat and cough. Thereafter, the defendants transported plaintiff DANIELS to the NYPD's 120th precinct. The defendants imprisoned plaintiff DANIELS in the 120th precinct, and in Richmond County Criminal Court until January 24, 2007 when plaintiff was arraigned on baseless charges filed against him based on the false allegations of defendants BOAN and/or WITTICK, as well as the failure of the defendants to intervene. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority. As a result of the false allegations of defendant

5

BOAN and/or WITTICK, and due to the failure of the defendants to intervene, Judge Alan Meyer, Criminal Court, Richmond County, set bail and plaintiff DANIELS was incarcerated on Riker's Island until January 29, 2007.

17. At the aforesaid time and place, the defendants placed over tight handcuffs on plaintiff RAYSHAWN LAWRENCE'S wrists and refused to loosen the handcuffs despite plaintiff's repeated requests. Thereafter, the defendants escorted plaintiff LAWRENCE into the basement apartment of 242 Benziger Avenue and strip searched him therein. The defendants forced plaintiff LAWRENCE to pull down his pants and underwear, squat and cough. Thereafter, the defendants transported plaintiff LAWRENCE to the NYPD's 120th precinct. The defendants imprisoned plaintiff LAWRENCE in the 120th precinct, and in Richmond County Criminal Court until January 24, 2007 when plaintiff was arraigned on baseless charges filed against him based on the false allegations of defendants BOAN and/or WITTICK, and due to the failure of the defendants to intervene. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority. As a result of the false allegations of defendant BOAN and/or WITTICK, and due to the failure of the defendants to intervene, Judge Alan Meyer, Criminal Court, Richmond County, set bail and plaintiff LAWRENCE was incarcerated on Riker's Island until approximately January 25, 2007.

18. On January 23, 2007, at approximately 2:20 p.m., across the street from 242 Benziger Avenue, the defendants detained plaintiff BENJAMIN NELSON and placed over tight handcuffs on plaintiff's wrists. The defendants transported plaintiff NELSON to the 120th

6

precinct and imprisoned plaintiff therein until approximately 8:00 pm when the defendants released plaintiff NELSON without filing any charges against him.

19.     From January 29, 2007 through October 18, 2007, the malicious prosecutions brought against plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, and RAYSHAWN LAWRENCE, compelled each plaintiff to return to Court for approximately ten appearances.

20.     On October 18, 2007, all the purported charges levied against plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, and RAYSHAWN LAWRENCE, based on the false allegations of the defendants were dismissed and sealed in Richmond County Criminal Court.

21.     Defendants GREEN, BRISCOE, BUCKLEY, and possibly others supervised defendants WITTICK, BOAN, and the other defendants, and approved of, oversaw, and otherwise presided over the defendants' arrests, searches and prosecutions of the plaintiffs.

22.     All of the above occurred while defendants BRISCOE, WITTICK, BOAN, KEITH GREEN, CORNELIUS BUCKLEY, VINCENT ORSINI, DENNIS MOONEY, SALVATORE BELLOMO, MICHAEL LOPRESTI, JOHN MCNAMEE, ANDREW KINSELLA, STACEY MEIGS, JELSON GOYCO, STEVEN SPOSITO, and JAMES MALPESO failed to intervene in the illegal conduct described herein.

23.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and due to discrimination against plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN

DANIELS, RAYSHAWN LAWRENCE, and BENJAMIN NELSON due to their race.

24. As a result of the foregoing, plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, RAYSHAWN LAWRENCE, and BENJAMIN NELSON, sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their liberty and their constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

25. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

27. All of the aforementioned acts deprived plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, RAYSHAWN LAWRENCE, and BENJAMIN NELSON, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police

Department, all under the supervision of ranking officers of said department.

30.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

31.  Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "30" with the same force and effect as if fully set forth herein.

32.  Defendants arrested plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, RAYSHAWN LAWRENCE, and BENJAMIN NELSON, without probable cause, causing them to be detained against their will for an extended period of time and subjected them to physical restraints.

33.  Defendants caused plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, RAYSHAWN LAWRENCE, and BENJAMIN NELSON, to be falsely arrested and unlawfully imprisoned.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

34.  Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.  The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, RAYSHAWN LAWRENCE, and BENJAMIN NELSON'S constitutional rights.

36. As a result of the aforementioned conduct of defendants, plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, RAYSHAWN LAWRENCE, and BENJAMIN NELSON, were subjected to excessive force and sustained physical injuries and emotional distress.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983)

37. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants strip searched plaintiffs SUNDRA FRANKS, STEVEN DANIELS, and RAYSHAWN LAWRENCE, in the absence of reasonable individualized suspicion that plaintiffs were in possession of weapons or contraband at the time they was searched.

39. Defendants thereby caused plaintiffs SUNDRA FRANKS, STEVEN DANIELS, and RAYSHAWN LAWRENCE, to be deprived of their right to be free from unlawful strip searches.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

40. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants maliciously issued criminal process against plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, and RAYSHAWN LAWRENCE, by causing them to be arraigned and prosecuted in Criminal Court.

42. Defendants caused plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, and RAYSHAWN LAWRENCE, to be prosecuted in

order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

43. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants initiated, commenced and continued a malicious prosecution against plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, and RAYSHAWN LAWRENCE,

45. Defendants caused plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, and RAYSHAWN LAWRENCE, to be prosecuted without any probable cause until the charges were dismissed on October 18, 2007.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

46. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants had an affirmative duty to intervene on behalf of plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, RAYSHAWN LAWRENCE, and BENJAMIN NELSON, whose constitutional rights were being violated in their presence by other officers.

48. The defendants failed to intervene to prevent the unlawful conduct described herein.

49. As a result of the foregoing, plaintiffs SHAWN PATTERSON, SUNDRA

11

FRANKS, DEREK FRANKS, STEVEN DANIELS, RAYSHAWN LAWRENCE, and BENJAMIN NELSON, were subjected to false arrest, illegal strip search, and their liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints, and detained and prosecuted without probable cause.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

50. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR A NINTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

52. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. The defendants falsely arrested and maliciously prosecuted plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, and RAYSHAWN LAWRENCE; illegally strip searched plaintiffs SUNDRA FRANKS, STEVEN DANIELS, and RAYSHAWN LAWRENCE; and detained, and falsely arrested plaintiff BENJAMIN NELSON; because of the plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

54. As a result of the foregoing, plaintiffs SHAWN PATTERSON, SUNDRA

FRANKS, DEREK FRANKS, STEVEN DANIELS, RAYSHAWN LAWRENCE, and BENJAMIN NELSON, were deprived of their rights under the Equal Protection Clause of the United States Constitution.

### AS AND FOR A TENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

55. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

57. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, arresting citizens without probable cause and then committing perjury and/or manufacturing or falsifying evidence in an effort to convict such individuals, and arresting civilians during search warrant executions without sufficient cause, including, without limitation, unlawfully arresting citizens not specifically mentioned in search warrants. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of illegally strip searching citizens in the absence of reasonable individualized suspicion that the citizen was in possession of weapons or contraband at the time of the search. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, RAYSHAWN LAWRENCE, and BENJAMIN NELSON'S rights as described herein. As a result of the failure of the City of New York to

13

properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

58. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, RAYSHAWN LAWRENCE, and BENJAMIN NELSON.

59. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, RAYSHAWN LAWRENCE, and BENJAMIN NELSON, as alleged herein.

60. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, RAYSHAWN LAWRENCE, and BENJAMIN NELSON, as alleged herein.

61. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, RAYSHAWN LAWRENCE, and BENJAMIN NELSON, were unlawfully seized, detained,

incarcerated, searched, and prosecuted.

62. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, BENJAMIN NELSON, DEREK FRANKS, STEVEN DANIELS, and RAYSHAWN LAWRENCE'S constitutional rights.

63. All of the foregoing acts by defendants deprived plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, RAYSHAWN LAWRENCE, and BENJAMIN NELSON, of federally protected rights, including, but not limited to, the right:

  A. Not to be deprived of liberty without due process of law;

  B. To be free from seizure and arrest not based upon probable cause;

  C. To be free from malicious abuse of process and/or malicious prosecution;

  D. To be free from false imprisonment/arrest;

  E. To receive equal protection under law;

  F. To be free from the failure to intervene;

  G. To be free from unlawful strip searches.

64. As a result of the foregoing, plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, RAYSHAWN LAWRENCE, and BENJAMIN NELSON, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE**, plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, RAYSHAWN LAWRENCE, and BENJAMIN NELSON, demand judgment and pray for the following relief, jointly and severally, against the defendants:

 (A) full and fair compensatory damages in an amount to be determined by a jury;

 (B) punitive damages in an amount to be determined by a jury;

 (C) reasonable attorney's fees and the costs and disbursements of this action; and

 (D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
May 24, 2010

    LEVENTHAL & KLEIN, LLP
    45 Main Street, Suite 230
    Brooklyn, New York 11201
    (718) 722-4100

    By: _____
    BRETT H. KLEIN (BK4744)

    Attorneys for Plaintiffs SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS, STEVEN DANIELS, RAYSHAWN LAWRENCE, and BENJAMIN NELSON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

SHAWN PATTERSON, SUNDRA FRANKS, DEREK FRANKS,
STEVEN DANIELS, RAYSHAWN LAWRENCE, and
BENJAMIN NELSON,

                              Plaintiffs,

                                                                                         10 CV 231
      -against-                                                                    (KAM)(RER)

CITY OF NEW YORK, RAYMOND WITTICK, GEORGE BOAN,
JAMES BRISCOE, KEITH GREEN, CORNELIUS BUCKLEY,
VINCENT ORSINI, DENNIS MOONEY, SALVATORE BELLOMO,
MICHAEL LOPRESTI, JOHN MCNAMEE, ANDREW KINSELLA,
STACEY MEIGS, JELSON GOYCO, STEVEN SPOSITO, and
JAMES MALPESO (individually and in their official capacities),

                              Defendants,

-----------------------------------------------------------------------X


## AMENDED COMPLAINT


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100